We'll begin with Palayo-Garcia v. Mukasey. Counsel? If I may, Your Honor, I'm Gloria Martinez-Semper for the respondent, for the appellant. We have been requested to focus on how this case would be primarily the center element in how sexual abuse of a minor, how the center element varies between the federal statute and the state statute. I have submitted a G-28 letter for the court's perusal, 28J letter. And I don't know if they've had an opportunity to review it. But I would like to jump right in if it's possible. What the 2243 sexual abuse of a minor under the federal guidelines states, they have four, they have that the person has attained the age of 12 but has not attained the age of 16, is at least four years younger than the person so engaging. And so in this case, it would appear that we fall directly under the statute. However, we have to call attention to the fact that there is under 2243C the matter of defenses. In a prosecution under subsection A of this section, it is a defense which the defendant must establish by a preponderance of the evidence that the defendant reasonably believed that the other person had attained the age of 16 years. In the case that we have before us under the California 261.5D, if you are under the age of 18, the possibility of offering a defense is not available. Under the, excuse me, 261.5D. May I go back just to the elements of the crime before we talk about the defenses to the crime? For the 2243, which we said in Estrada Espinosa was the generic federal offense, there's a mens rea of knowingly only as to the person on its face doesn't have a mens rea. And we said in Quintero Salazar that that was strict liability statute. Has 261.5D been interpreted in California by California courts as having a mens rea other than strict liability? The case of Scott, which I submitted for the court's review, has stated, and this is where it's very unique, that if the person is 16 years or under, or under 16, there is no defense, period. Whereas if the person is under 18, there is a defense by claiming that you had reasonable belief that the person was 18 or older. There is this two-year gap period, whereas the statute goes to whether if you're under 16 or under 18, there is no defense, period. The statute goes to the age of 18. 261.5C. If I've got that right, no C enter under 16, we incorrectly said no C enter 16 to 18. Is that right? Yes, I believe so. The statute 2243 goes to the age of 12 years but does not attain the age of 16. That's the federal statute. Right, but my concern about the argument that you made in your 28J letter about the defenses, looking at the defenses to those charges that were set out in the two statutes, is that I don't believe we have a case at this point in the Ninth Circuit that says for purposes of a Taylor analysis, we look at the defenses in addition to the elements of the crime. Is there a case that holds? The Gomez case that was cited says we'll assume without deciding that Taylor requires a state crime to incorporate affirmative defenses. But I don't believe there's a case that says we do look at affirmative defenses. What I looked at in your Estrada case is that you specifically mentioned that you were not going to go into the mens rea in this case. And this is why we're saying that an element of the crime is also in the eligible defenses, like insanity, mistake of fact, and that in this case, when the California allows defense if the person under 261.5C, if the person claims they had reasonable belief that the person was guilty of the offense, then the California statute says that the person was 18 or older. But do we have to get to the defenses, given that 2243 does have a mens rea of knowingly and 261.5B does not, has no mens rea at all? Do we need to get to the defenses? Is that enough of a difference to say that? The other element, too, of course, is the definition of abuse, which has been discussed at length in Ninth Circuit cases, whether, in fact, the Estrada case also goes into the issue in one of their footnotes stating that in page 14766, California courts charged with interpreting California statutory rape laws have recognized that a minor over the age of 14 who voluntarily engages in sexual intercourse is not necessarily a victim of sexual abuse. And you cited Enrique, ILF, 112, Calab, 4th, 538, 543, California Court of Appeals, 223, 2003, and citing also County of San Luis Obispo versus Nathaniel, 50, Calab, 4th, 842, 845, Cal Court, 1996. So this goes to the issue, have the California courts absolutely determined that if you're under 16 that it's sexual abuse? And it's almost a case-by-case situation. Where they have looked at the facts to determine if the person is entitled to a defense or not. Now, what I'm saying is that in this case, there is no defense under the California 261.5D because it's under 16. Whereas under the federal guidelines, there is a definite defense that could be prosecuted if the person is entitled to a defense or not. If the person had reasonable belief in the facts, of course, that there would be reasonable, the defendant had a reasonable belief that the person was over 16, not necessarily 18. And that is what I'm saying, that there is a difference in that the federal statute would have allowed the person to go in, if they were convicted under the federal statute, to go in and show that they had a reasonable belief that the person was over 16. In the California statute, they would have been precluded. So there is a distinct difference. Counsel, there's something that confuses me a little bit. The California statute on its face does not require any scienter. However, in People v. Hernandez, this 1964, I think it was, yeah, 1964 Supreme Court case, the California Supreme Court says, that crime of statutory rape is defensible, wherein a criminal intent is lacking. However, we said, in a case called Quintero Salazar, that 261.5 is a strict liability crime that does not require a showing of scienter. And that is what I want to point, Your Honor, that in 261.5C cases, specifically, they have, the court has said that there is no requirement for a showing of scienter. California courts have determined that there is the defense, if the person goes under, if they're charging them under 261.5C, they have that defense, showing that they had reasonable belief that the person was over 18. However, that possibility does not exist under 261.5D. Oh, I see. So C has a scienter requirement, but C doesn't? It doesn't allow anything, period, they're precluded, whereas under the federal statute, if the person has not attained the age of 16, you still have that defense under 2243C. Okay, and this conviction, this was a D conviction or a C? It was a D conviction, Your Honor. So this is a no scienter conviction? Yes. And the federal offense, lack of scienter is a defense, but not an element? Yes, correct. Well, in looking at the criminal law, how you handle criminal law cases, Your Honor, negating the elements of a crime is considered one of the elements also, when you can go in under the specific statute and claim, certain statutes don't even allow anything, but where you can claim like insanity, mistake of fact, only certain statutes allow that, and the federal statute specifically allows this. Thank you, counsel. Although you've used up your time, we may want to hear 30 seconds or so of rebuttal if something comes up. Counsel? I ask you to write off the bat. Good morning. How do you distinguish this from the bank decision on Estrada? Certainly. The government's position is quite a bit different than petitioner's here, limiting to looking at just the elements required for a conviction. The defenses are completely separate. That is, the burden is on the defendant to raise those. The burden for the prosecution for establishing the elements under Section 2243 that Estrada Espinoza establishes, the generic definition we look at, was a mens rea of knowingly, a sexual act with a minor between the ages of 12 and 16, and the age difference of at least four years. Regarding the mens rea of knowingly, the statute itself very clearly says that the prosecution does not need to establish that the defendant knew the age or knew the age difference. That's under 2243D. Are you talking about the federal statute? Yes, 2243 provision D, and this is in my 28-J letter to the court. So there's some level of mens rea there. Yes, and as the Fourth Circuit in Jennings' case has found that knowingly under 2243A extends no further than the verb engages. But 261.5D, as we said in Quintero Salazar, is strict liability, no mens rea whatsoever. So why isn't 2243 narrower than 261.5D? The California statute at issue D, provision D, as in the Hernandez court, found in order to penalize any defendant under that provision, it's inherent that the defendant knew he was engaging in a sexual act, and that he consciously decided to engage in a sexual act. It's inherent within the statute that the defendant knew he was engaging, and that's the only CNTER level in 2243. That's not the words. What it says in the Supreme Court decision by the California Supreme Court is the charge of statutory rape is defensible, wherein criminal intent is lacking. That sounds as though it's a defense. That's, again, on the defense side. That's an affirmative defense where the defendant has the burden of establishing that, where there is an intent element that's inherent within the offense. Again, that's an additional element here. Where in Hernandez does it say there's a mens rea of knowing, as opposed to that was a defense? The affirmative defense discussed in Hernandez is separate than the knowing element that I'm discussing here. I have a quote in some language in Hernandez. Just pull it. You've got it right in front of you. It must have it marked up. In the 28J letter, I gave you the citation. I'm sure you have Hernandez marked up right in front of you. Page 675-76. The knowledgeable young man, on the other hand, is penalized, and there are none who would claim that any other construction of the law that should be otherwise. And this is in the context of discussing whether or not females, this is more of a consent element, whether or not females know what they're engaging in versus the man. Under the statute, who is penalized for statutory rape, the court states that it is inherent that if he's penalized, he knew that he was engaging in a sexual act. And again, on the following page. I don't see where that paragraph is talking about. It's under the Westlaw. Oh, I found the paragraph. I'm unable to understand why you think it's talking about knowledge that he's engaging in sex. It says, who acts without knowledge that an essential factual element exists. I mean, it seemed the whole thrust of this case seemed to me to go to the age issue, and that there had to be some knowledge of age, and that was raised as a defense. I didn't see anything that came to a... It's a level of knowledge of a woman. Oh, it isn't. It isn't. It's age. Once the man is sleepwalking, he knows he's engaged in a sexual act. Exactly. But you avoided answering my question I started with. Please tell me the precise difference between this case and Estrada. The difference in this case, we have the same C inter-element. The distinct difference is we have the age differential requirement that was absent in Estrada, and we have the minor victim under age... The age difference as required by what? As required under Estrada for meeting the elements of the generic definition of 2243, the age differential of four years or greater. Under the California statute at issue here, 261.D, there is a minimum of five years and one day age difference requirement between the defendant and the victim. So we met that element under the generic... And the knowledge requirement of it? The knowledge requirement is the same, because under 2243, the defendant, as the statute says under provision D, the prosecution does not need to prove the defendant knew the age of the victim, or knew the age differential. Therefore, the word knowingly only means in 2243 that the defendant was actually engaging in a sexual act. Counsel, why... Why wouldn't there be a difference between 2243 and the California statute with an extra element that actually means something, and a practical way for a not inconceivable case for perpetrators who are too drunk to know what they're doing? It's not unusual for people to get drunk. Not unusual for people to get into sexual situations when they get drunk. I don't see why there wouldn't be an element that the government would have to prove that he knew he was having sex in 2243, where the man was drunk, that the government would not have to prove to get a conviction under the California statute. So my assertion is that under the Hernandez case, it establishes that the prosecution cannot succeed in getting a conviction without establishing that the defendant knew he was engaging in a sexual act, that he didn't just stumble upon something. Counsel, I had asked you for the language in that, and what you read me was a paragraph, and the context of that paragraph was a discussion of age and knowledge of age, rather than knowledge that he was engaging in a sexual act. So show me the language that you think refers to knowledge that he's engaging in a sexual act. I would respectfully disagree that the paragraph is discussing age at that point, as the differentiating factor. It's discussing why consent is not an element, the victim's consent, because knowledge of the victim is irrelevant. And in that discussion, the court is talking about there are some women that know more, some females that know more, and some females that don't, regardless of their age, and this is why consent is not an element of the statute. And then it goes on to say, however, the knowledgeable young man is penalized for engaging in this act. And there is an additional paragraph, too, on the next page, in discussing the decision it overturned in rats, discussing that under rats, the courts had formerly punished defendants, because they consciously intended to proceed regardless of age. Again, it has that knowing scienter, conscious decision to engage is attached with a statutory rape offense. But let me take you to the defenses for a moment. Although we don't reach it in the Gomez case, it seems inherent in Taylor. In Astraea Spinoza, we characterize the categorical inquiry as whether the statute of conviction criminalizes conduct that wouldn't satisfy the federal generic definition. And the defenses, if there's an additional defense in the federal generic offense, as there is here, that's not available in California, that would say that the California statute criminalizes more conduct. So why doesn't that, regardless, even though we haven't reached it yet, why isn't that part of our categorical inquiry? In this case, actually the defense is available. It's just not available for saying I believe the victim was 16. It is available for this very provision. Because under California law, the age of consent is 18, whereas under the federal statute as issued here, the age of consent was 16. So there's a minor distinction, but the defense is still available. But again, that's on the burden of the defendant. When you're looking at the elements of conviction and doing a Taylor comparison approach, it's what the prosecution needs to prove in order to secure a conviction. And here, affirmative defenses are irrelevant to what the prosecution needs to prove. But with respect to the question of criminalizing more conduct, you don't disagree that the California case, the California statute criminalizes more conduct. It's the additional two years of conduct that's criminalized. The same conduct is criminalized. It's just whether or not a defendant can show a true mistake of fact defense. But here, that's regardless if that's brought up, because we have an actual conviction. And the same would be true under 2243. You would have a conviction if the victim is under 16. It is the same under the two statutes. Whether or not you can assert a mistake of fact defense as a defendant meeting your burden is different than the prosecution's meeting the burden of demonstrating the age of the victim. Thank you. Thank you. Just one real quick comment, and that is that under the statute, because it reaches both conduct that would constitute sexual abuse of a minor and conduct that does not, the court would be permitted to examine the documentation or judicially noticeable notice facts that would establish that the conviction is an aggravated felony. In this case, we don't, the record doesn't establish anything. The petitioner would have been, because of the record, the petitioner would have been able to present a similar defense to CPC 2615 that he would have been able to present under a federal criminal case. Because of the fact that under the federal criminal case he would have been able to come in and show this defense, we're saying that the California statute is broader than the federal statute. Thank you, counsel.
judges: Noonan, Kleinfeld, Ikuta